WILLIAM P. BARR
United States Attorney General
NICOLA T. HANNA
United States Attorney
**FARAZ R. MOHAMMADI** (Bar No. 294497)
Special Attorney
   411 West 4th Street, Suite 8000
   Santa Ana, California 92701
   Phone:    (714) 338-3599
   Facsimile: (714) 338-3708
   Email:    faraz.mohammadi@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
NOV 19 2020
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SAM SARKIS SOLAKYAN,<br><br>    Defendant. | Case No. 18CR4163-BAS<br><br>**ORDER SETTING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT** |

On October 19, 2020, the above-captioned parties appeared before the Court for a trial setting conference. The Court set trial in this case for June 22, 2021.

Defendant Sam Sarkis Solakyan ("defendant"), through his counsel Timothy A. Scott, asserted his statutory speedy trial rights and objected to any trial date that would fall outside the period by which his trial must commence pursuant to such rights.

The Court found that the period up to and including June 22, 2021 is excluded in computing the time within which defendant's trial must commence under the Speedy Trial Act. Specifically, the Court found that "based on the emergency that COVID-19 has [presented], the fact that we cannot bring in jurors and expose them to a lack of social distancing, we can't cram them all in elevators, we can't cram them all out into hallways, and we've given a great deal of thought as to how we might schedule jury trials safely in the Southern District of California, [the Court] do[es] find at this time that the time should

1

be excludable and that we are doing the best we can to get people to trial in a speedy fashion." Oct. 19, 2020 Transcript of Motion Hearing at 31.

The Court hereby makes the following supplementary findings:

1.  The Indictment in this case was filed on September 25, 2018. Defendant first appeared before a judicial officer in which the charges in this case were pending on September 27, 2018. The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), originally required that the trial commence within 70 days from the later of those dates. i.e., on or before December 6, 2018,

2.  Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately one to two weeks.

3.  Defendant is charged with violations of 18 U.S.C. § 1349, Conspiracy to Commit Honest Services Mail Fraud and Health Care Fraud, and 18 U.S.C. §§ 1341 and 1346, Honest Services Mail Fraud. As this Court has previously found, this case is an unusually complex prosecution, as contemplated by 18 U.S.C. § 3161(h)(7), in that it involves: (1) a criminal charge with multiple overt acts; (2) the evaluation of significant amounts of evidence; and (3) the involvement of multiple witnesses. See Dkt. No. 29.

4.  Following the return of the indictment, defendant filed a series of pretrial motions. The Court resolved all outstanding motions on October 19, 2020.

5.  On March 17, 2020, the Chief United States District Judge of the Southern District of California entered an Order suspending jury trials and other criminal proceedings scheduled to begin before April 16, 2020. See Order of the Chief Judge ("OCJ") 18, Suspension of Jury Trials and Other Proceedings during the COVID-19 Public Emergency. OCJ 18 was entered based on (1) the state of emergency declared in response to the spread of the coronavirus (COVID-19), (2) the restrictions on public gatherings recommended by the Centers for Disease Control and Prevention, (3) the lack of a quorum of grand jurors during the period of national emergency, and (4) restrictions on attorney visits imposed at the Metropolitan Correctional Center. Id. In light of the public health restrictions and in order to protect public safety and prevent the spread of the COVID-19

outbreak, the Court declared a judicial emergency under 18 U.S.C. § 3174 and continued or suspended all jury trials, trial-specific deadlines and other criminal proceedings until April 16, 2020. *Id.* The Chief Judge also excluded time from March 17, 2020 to April 16, 2020, under the Speedy Trial Act on two "alternate bas[e]s." *Id.* First, it "f[ound] that the current COVID-19 pandemic constitutes a 'judicial emergency' under 18 U.S.C. § 3174." *Id.* Second, it "f[ound] that, under 18 U.S.C. § 3161(h)(7)(A), these continuances serve the ends of justice and outweigh the interests of the public, of the government, and of criminal defendants in a speedier trial." *Id.* The Court also noted that, in a future order, it "may extend the period of exclusion as circumstances may warrant." *Id.*

6. The Chief Judge subsequently extended the judicial emergency in the Southern District of California with OCJs 24 (April 15, 2020), 27 (May 15, 2020), 30 (June 11, 2020), 33 (July 14, 2020), 34 (August 14, 2020), 40 (September 14, 2020), and 47 (October 14, 2020).

7. On August 24, 2020, the Chief Judge issued OCJ 36 adopting protocols for conducting jury trials and permitting "[o]nly one trial [to] be set to start per [courthouse] floor per week[.]" *See* OCJ 36, Adopting District Trial Reopening Plan.

8. In extending the judicial emergency on October 14, 2020, for an additional 30 days (to November 16, 2020), the Chief Judge found that "[m]any of the circumstances giving rise to the judicial emergency have not abated since August 14, 2020 [a]nd while the Court has implemented measures to protect the public, counsel, litigants, and Court staff, a state of public health emergency continues in the nation, the State of California, and the City of San Diego." OCJ 47, Proceedings During the Covid-19 Public Emergency. The Chief Judge extended the judicial emergency "[i]n consideration of the factors outlined in OCJ 18, and to protect the public safety and prevent the spread of COVID-19" and found that the "extension serves the ends of justice under 18 U.S.C. § 3161(h)(7)(A)." *Id.*

9. Given the public health concerns discussed in the Orders of the Chief Judge, which have not materially changed or abated, the ends of justice served by setting trial in

3

this case for June 22, 2021, outweigh the best interest of the public and defendant in a speedy trial.

10. Setting an earlier trial date would likely make a continuation of the proceeding impossible or result in a miscarriage of justice.

11. Setting an earlier trial date would also likely put parties, witnesses, jurors, counsel, and court personnel at unnecessary risk.

12. Due to the restrictions imposed by current public health concerns--particularly given the complexity of this case--it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. Thus, setting an earlier trial date is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

13. The date of the trial is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys for the government or the defense, or failure on the part of the attorneys for the government to obtain available witnesses.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is set for June 22, 2021.

2. The time period of October 19, 2020 to June 22, 2021, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv).

///
///
///

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

11-18-2020
DATE

HON. CYNTHIA BASHANT
United States District Judge

Presented by:

/s/
Faraz R. Mohammadi
Special Attorney